IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INVESTORS INSURANCE COMPANY OF AMERICA, | : |
| | : CIVIL ACTION |
| Plaintiff | : |
| vs. | : NO.  06-CV-4368 |
| | : |
| TACONY PALMYRA BILLIARD CLUB, et al. | : |
| | : |
| Defendants | : |

**MEMORANDUM OPINION AND ORDER**

GOLDEN, J.                                                                                       AUGUST 12, 2008

      The Plaintiff brought this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Defendant Tacony Palmyra Billiard Club("Tacony") or Robbins Avenue Center Associates ("Robbins") for the claims asserted against them in the action, <u>Albert Comfort and Lynda Comfort, h/w v. Tacony Palmyra Billiard Club and Robbins Avenue Associates</u>, Court of Common Pleas of Philadelphia County, January Term, 2001, Docket No. 002628 (the "Underlying Action"). Presently before the Court are motions for summary judgment filed by Plaintiff and Defendant Robbins. Tacony has not filed a motion for summary judgment, but has filed a response to Plaintiff's and Robbins' motions for summary judgment. For the reasons which follow, Plaintiff's motion is granted and Robbins' motion is denied.

      Summary judgment should be granted to a moving defendant if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrates "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In making that determination, the "evidence of the non-movant is to be believed,

and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. See also Sommer v. The Vanguard Group, 461 F.3d 397, 403-04 (3d Cir. 2006).

The Underlying Action resulted from a physical beating Albert Comfort received from unknown assailants in an adjacent parking lot after he exited from Tacony on August 28, 1999. At the time of the alleged incident, Tacony leased the premises from Robbins pursuant to a written lease agreement dated November 1, 1993 ("Lease Agreement"). Exhibit A to Robbins' Motion for Summary Judgment. James Hill, a principal of Tacony, signed a personal Guarantee also dated November 1, 1993, guaranteeing that Tacony would perform its obligations under the Lease Agreement. Exhibit B to Robbins' Motion for Summary Judgment. Robbins has asserted a counterclaim against Tacony for breach of the lease agreement for failing to obtain insurance coverage for Robbins. Robbins has also asserted a third-party complaint against James and Bernice Hill for breach of the guaranty for failing to secure an indemnifying bond with surety satisfaction to Robbins.

At the time of the incident, Tacony maintained a Commercial General Liability policy of insurance ("the Policy") written by the Plaintiff. Exhibit C to Robbins' Motion for Summary Judgment. Plaintiff seeks a declaration that it does not have a duty to defend or indemnify either Tacony or Robbins under the Policy for the Comforts' claims in the Underlying Action.[1]

An insurer's duty to defend is distinct from and broader than the duty to indemnify. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005). An insurer has a duty to defend if

---

[1] It appears that Robbins is not listed as "an insured" or "an additional insured" under the Policy. Even assuming, arguendo, that Robbins was an insured, for the reasons discussed, infra, Robbins would not be entitled to coverage.

the alleged injury, as described by the facts stated in the complaint, might potentially fall within the scope of the policy. United Services Auto Assoc. v. Elitsky, 517 A.2d 982, 985 (Pa.Super. Ct. 1986). In determining whether there is a duty to defend, a court may look only at the factual allegations in the complaint. Kvaerner Metals Div. of Kvaerner U.S. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006).

The initial burden of showing that claims fall squarely within the policy's coverage lies with the insured. Melrose Hotel Co. v.St. Paul Fire & Marine Ins. Co., 432 F.Supp. 2d 488, 495 (E.D. Pa. 2006) (internal citations omitted). The burden of demonstrating the applicability of a policy exclusion rests with the insurance company. Allstate Ins. Co. v. Brown, 834 F.Supp. 854, 857 (E.D.Pa. 1993).

Plaintiff argues that an "Assault and Battery" exclusion endorsement contained in the Policy precludes coverage. That endorsement provides, in pertinent part:

> Actions and proceedings to recover damages for bodily injuries or property damage arising from the following are excluded from coverage, and the Company is under no duty to defend or to indemnify an insured any action nor proceeding alleging such damages:
> 1. Assault;
> 2. Battery;
> 3. Harmful or offensive contact between or among two or more persons;
> 4. Apprehension of harmful or offensive contact between or among two or more persons; or
> 5. Threats by words or deeds.
>
> Regardless of degree of culpability or intent and without regard to:
>
> A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents, or servants; or by any otherwise on, at or near premises owned or occupied by the insured; or by any other person;

> B. The alleged failure of the insured, or his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, agent or servant of the insured;
> C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.
>
> **************
>
> It is agreed that the insurance does not apply to bodily injury or property damage arising out of any alleged assault and battery or out of any act or omission in connection with the prevention of or suppression of such acts, including the alleged failure to provide adequate security whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.
>
> It is understood and agreed that claims, accusation or charges of negligent hiring, placement, training or supervision arising from actual or alleged assault or battery are not covered.

Exhibit C to Robbins' Motion for Summary Judgment.

The Court must determine whether the allegations in the Underlying Complaint fall within the assault and battery exclusion. The Complaint in the Underlying Action alleges, in pertinent part:

> 4. On or about August 28, 1999, and for a considerable period of time prior the above referenced entities were legally required to or had voluntarily undertaken to provide security in the parking lot adjacent to the TACONY PALMYRA BILLIARD CLUB.
>
> 5. Plaintiff, Albert Comfort had a right to rely upon the security measure provided by the Defendants named herein.
>
> 6. On or about August 28, 1999, after Plaintiff, Albert Comfort had left the Tacony Palmyra Billiard Club where he was a patron, he was assaulted and beaten in the adjacent parking lot and as a result thereof, Plaintiff, Albert Comfort suffered injuries and damages as hereinafter more fully set forth.
>
> 7. It was the duty and obligation of the defendants, individually and by and through their agents, servants and/or employees, to keep the parking lot in a proper and safe condition.
>
> 8. Despite said duty and obligation, defendants, individually and/or by and [sic] their respective agents, servants and/or employees allowed dangerous individuals to congregate and loiter in said parking lot and generally to be and remain at the point aforesaid for an unreasonable period of time.

9. Defendants individually and/or by and through their agents, servants and employees knew or should have known of the existence of said dangerous individuals at the point aforesaid.

10. The incident occurred solely as a result of the carelessness, recklessness, and negligence of the defendants, individually and/or by and through their agents, servants and/or employees and was due in no manner whatsoever to any act or failure on the part of the Plaintiff, Albert Comfort.

11. The carelessness, recklessness and negligence of the defendants, individually and/or by and through their agents, servants consisted of:
    (a)  Failing to act with regard to the rights, safety and position of the Plaintiff, Albert Comfort;
    (b)  Failing to provide a safe area for ingress and egress;
    (c)  Failing to provide adequate security despite undertaking to do same;
    (d)  Failing to keep the parking lot in a safe manner;
    (e)  Failing to prevent dangerous individuals from congregating in the parking lot for an unreasonable period of time;
    (f)  Violations of the statutes of the Commonwealth of Pennsylvania and local ordinances; and
    (g)  Otherwise failing to use proper and adequate care.

Exhibit H to Robbins' Motion for Summary Judgment.

Plaintiff argues that since the immediate cause of Albert Comfort's injuries was an assault and battery, the assault and battery exclusion bars coverage of the Comforts' claims in the Underlying Action. Robbins responds that since the Complaint in the Underlying Action contains only allegations of negligence against Tacony, the Comforts' claims do not fall within the assault and battery exclusion. Plaintiff responds that since the Comforts' negligence claims are all based on the alleged negligence of Tacony in failing to provide proper security, a failure which is specifically excluded by the assault and battery exclusion, that exclusion bars coverage. The Court agrees with Plaintiff.

The assault and battery exclusion specifically states that the insurance does not apply to bodily injury arising out of any assault or battery or <u>out of any act or omission in connection with the</u>

<u>prevention or suppression of such acts, including the alleged failure to provide adequate security whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.</u>  The Underlying Complaint while admittedly containing only allegations of negligence against Tacony specifies that the negligence arises only from the alleged failure of Tacony to provide adequate security in the adjacent parking lot. Since the assault and battery exclusion specifically excludes coverage to the insured for its failing to provide adequate security which results in an assault and battery, Plaintiff has no duty to defend Tacony in the Underlying Action.

Tacony cites <u>QBE Insurance v. M & M Landis Corp.</u>, 915 A.2d 1222 (Pa. Super. 2007); <u>Essex v. Starlight Managment Co.</u>, 2006 WL 2786871 (3d Cir. 2006) and <u>Sphere Drake, P.L.C. v. 101 Variety, Inc.</u>, 35 F.Supp. 2d 421 (E.D.Pa. 1999) for the proposition that if the underlying complaint is based on a negligence cause of action, an assault and battery exclusion in the insurance policy does not preclude coverage. However, none of the assault and battery exclusions in those cases contained the failure to provide adequate security clause contained in the assault and battery exclusion in Plaintiff's policy. Therefore, the Court finds those decisions to be irrelevant.

Tacony directs the Court's attention to language in the "Commercial Property Conditions" section of the Policy which states, in relevant part: "[a]ny act or neglect of any person other than you beyond your direction or control will not affect this insurance". Exhibit C to Robbins' Motion for Summary Judgment. Tacony appears to argue that since the Underlying Action alleges that the assault and battery on Albert Comfort was committed by individuals other than Tacony employees, Tacony is automatically entitled to coverage and the assault and battery exclusion does not apply. Tacony fails to realize that the referenced language is in the <u>Commercial Property Coverage</u> section of the Policy, which applies only to first party claims for damage to covered property. The case <u>sub</u>

judice, on the other hand, involves coverage for a third party personal injury claim under the Commercial General Liability section of the Policy. Therefore, the referenced language has no relevance to the issues in this case.

Finally, Robbins seeks a declaration that Tacony and/or the Hills are to provide it with a defense and indemnity against the Comforts' claims pursuant to the Lease Agreement and Personal Guaranty. Indeed, both Paragraph 18 of the Lease Agreement and paragraph 3 of the Lease Addendum explicitly require Tacony to provide liability insurance to Robbins while the Guaranty insures that the Hills will insure that Tacony fulfill its obligations under the Lease Agreement. Exhibits A and B to Robbins' Motion for Summary Judgment. Robbins has submitted Certificates of Insurance in which it is named as an additional insured for the periods 9/8/96-9/8/97, 9/8/99-9/8/2000 and 9/8/2000-9/8/2001. Exhibits J, K and L to Robbins' Motion for Summary Judgment. However, Robbins has apparently not received a Certificate of Insurance for the period at issue in the Comforts' case, August 28, 1999.

Tacony's argument that since Robbins is identified as a "loss payee" during the relevant time, Robbins is therefore an "insured" is misplaced. Robbins is designated as a loss payee with regard to the Building and Personal Property Coverage, which is not at issue in this case. The "Loss Payable Provisions" form states that it applies to "Covered Property in which you [Tacony] and a Loss Payee shown in the Schedule [Robbins] or in the Declarations have an insurable interest...." Exhibit E to Tacony's Memorandum of Law. As noted above, the case sub judice concerns a third party bodily injury claim, not a first party claim for damage to property.

The Court will defer in ruling in Robbins' favor on this issue at this time and give Tacony 30 days to produce a certificate of insurance for the period 9/9/98-9/8/99. If Tacony is unable to do so, Robbins may renew that portion of their motion for summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INVESTORS INSURANCE COMPANY OF AMERICA, | : <br> : CIVIL ACTION <br> : |
| Plaintiff | : |
| vs. | : NO.  06-CV-4368 |
| | : |
| TACONY PALMYRA BILLIARD CLUB, et al., | : <br> : |
| Defendants | : |

## **ORDER**

AND NOW, this 12th day of August, 2008, it is hereby ORDERED that:

1. The motion of the Plaintiff to file a reply brief [Doc. #35] is GRANTED.

2. The motion of the Plaintiff for summary judgment [Doc. #29 ]is GRANTED.

3. Judgment is ENTERED in favor of the Plaintiff and against the Defendants.

4. The Court DECLARES that Plaintiff has no duty to defend or indemnify Defendants for the claims asserted against them in the action, <u>Albert Comfort and Lynda Comfort, h/w v. Tacony Palmyra Billiard Club and Robbins Avenue Associates</u>, Court of Common Pleas of Philadelphia County, January Term, 2001, Docket No. 002628.

5. The motion of the Defendant Robbins Avenue Center Associates for summary judgment is [Doc. # 28] is  DENIED IN PART. The motion is denied with respect to the issue as to whether Plaintiff has a duty to defendant or indemnify Tacony Palmyra Billiard Club or Robbins Avenue

9

Center Associates and the motion is stayed for 30 days with respect to the claims that Tacony and the Hills breached the lease agreement/personal guaranty.

BY THE COURT:

*/s/ THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.